**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

BERNABE GARCIA,

    Plaintiff,

v.

COUNTRYWIDE HOME LOANS, INC., a California Corporation; and DOES 1 through 100, inclusive,

    Defendants.
_____/

**No. C 10-00148 RS**

**ORDER TO SHOW CAUSE**

    This case, in which plaintiff Bernabe Garcia is proceeding *pro se*, is before the Court on defendant Countrywide Home Loans, Inc. (Countrywide)'s motions to dismiss and to strike. The motions are noticed for hearing on March 11, 2010. For the reasons explained below, the motion hearing is vacated, Countrywide's motions will be denied without prejudice, and Countrywide is ordered to show cause why this action should not be remanded to state court.

    Garcia filed his initial complaint in Santa Clara Superior Court in May 2009. The complaint alleged fraud, breach of fiduciary duty, and other state law claims. Countrywide filed a demurrer, which Garcia did not oppose. The Superior Court sustained the demurrer with leave to amend.

1

Countrywide represents that Garcia then filed a first amended complaint (FAC) on November 30, 2009, but no such document has been supplied to this Court.

Countrywide asserts that Garcia failed to serve it with the FAC. *See* Cal. Civil Code §§ 1011, 1012 (providing for ordinary service of pleadings by mail or in-person delivery). Countrywide claims it nonetheless obtained a copy of the FAC directly from the Santa Clara Superior Court docket on December 18, 2009. Countrywide then removed the action to this Court on January 12, 2010. As noted above, the notice of removal contains a copy of Garcia's original May 2009 complaint, but not a copy of the FAC. Nor does the FAC appear anywhere else in this Court's docket, despite Countrywide's representation that it is in possession of a copy of the document. Nonetheless, Countrywide has now filed the instant motions to dismiss and to strike, both of which pertain solely to the FAC.

Section 1446(a) of Title 28 requires removing defendants to "file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . , together with a copy of all process, pleadings, and orders *served upon* such defendant or defendants in such action." 28 U.S.C. § 1446(a) (emphasis added). Subsection (b), immediately thereafter, provides for the removal of actions such as this one, which, by virtue of an amended pleading, may have become removable. 28 U.S.C. § 1446(b). The subsection further indicates that the thirty-day deadline for such removal begins running "after receipt by the defendant, *through service or otherwise*," of any amended pleading allegedly giving rise to federal jurisdiction. *Id.* (emphasis added). Read together, it is arguable that these two sections do not themselves *specifically* impose a duty on a removing defendant to file any amended complaint in federal court, if such defendant has not been *served* with such a document at the state court level. Nonetheless, as any putative removing defendant must bear the burden of establishing federal jurisdiction, such a defendant needs to make available to the federal court any amended pleading in its possession which it believes may serve as the basis for removal.

This Court has an independent duty to ascertain its jurisdiction and may remand *sua sponte* for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). "The burden of establishing federal

2

jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Here, although Countrywide's notice of removal contends that this court has federal question jurisdiction because Garcia's FAC alleges various federal claims, Countrywide's failure to file a copy of the FAC precludes the court from verifying that jurisdiction. Consequently, this Court is unable to reach the pending motions.

Accordingly, Countrywide's motions to dismiss and to strike Garcia's FAC are denied without prejudice, and the March 11, 2010, hearing thereon is vacated. Countrywide shall show cause, in writing, no later than March 19, 2010, why this action should not be remanded to state court due to Countrywide's failure to establish that this Court has subject matter jurisdiction over the action. Failure of defendants to file a response to the order to show cause will be deemed a statement of non-opposition to remand, and may result in summary remand. On or before April 2, 2010, Garcia may file a reply to Countrywide's response to the order to show cause.

IT IS SO ORDERED.

Dated: 03/09/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

**THIS IS TO CERTIFY THAT NOTICE OF THIS DOCUMENT WAS ELECTRONICALLY PROVIDED TO:**

Vanessa Anne Sunshine　　　　vanessa.sunshine@bryancave.com
　　　　　　　　　　　　　　　delaram.seyedan@bryancave.com
Christopher Louis Dueringer　　cldueringer@bryancave.com
　　　　　　　　　　　　　　　karina.lopez@bryancave.com

**AND A HARD COPY OF THIS ORDER WAS MAILED TO:**

Bernabe Garcia
1108 Woodminister Drive
San Jose, CA 95121

Dated: 03/09/2010　　　　　　　/s/ Chambers Staff
　　　　　　　　　　　　　　　Chambers of Judge Richard Seeborg