*E-Filed 04/29/2010*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BERNABE GARCIA,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTRYWIDE HOME LOANS, INC., a California Corporation; and DOES 1 through 100, inclusive,<br><br>    Defendants.<br>_____/ | **No. C 10-00148 RS**<br><br>**ORDER TO SHOW CAUSE** |

This case, in which plaintiff Bernabe Garcia is proceeding *pro se*, is before the Court on defendant Countrywide Home Loans, Inc. ("Countrywide")'s motions to dismiss and to strike. The hearing on Countrywide's motions was originally scheduled for a date in March 2010, but the date was vacated by the Court after Countrywide, the removing party, failed to include a copy of Garcia's first amended complaint ("FAC") in the record. Countrywide has now filed a copy of the FAC in the Court's docket.

Garcia has not opposed Countrywide's substantive motions to dismiss and to strike. Similarly, when this case was in state court prior to Countrywide's removal, he made little effort to prosecute his case in that venue, declining to oppose Countrywide's demurrer. Countrywide argues

1

that the action should be dismissed because Garcia failed to comply with the Civil Local Rules. The local rules of this court provide that a party opposing a motion shall file an opposition or a statement of non-opposition no fewer than 21 days before the noticed hearing date. Civ. L.R. 7-3(a), (b). Countrywide, citing *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995), asserts that the dismissal of a lawsuit is an appropriate sanction for a plaintiff's failure to comply with local rules regarding the filing of an opposition to a motion to dismiss.

In *Ghazali*, the local rules of the District of Nevada provided that "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion." *Id.* at 53 (citing Dist. Nev. R. 140-6). The Ninth Circuit noted that while the courts construe pleadings liberally in the favor of *pro se* plaintiffs, *pro se* litigants are nonetheless bound by the rules of procedure. Because the plaintiff in that case had failed to follow the local rules, the court found that the case was properly dismissed. *Id.* at 54.

Nevertheless, *Ghazali* is distinguishable from the present case. Unlike the District of Nevada, the Northern District of California does not have a local rule providing that the failure to file an opposition constitutes consent to the granting of the motion. Local Rule 7-3(a) simply sets forth the schedule for briefing motions in this court, while Rule 7-3(a) provides that a party who does not oppose a motion must file a statement of non-opposition. There is no provision in the local rules of this Court indicating that the failure to file an opposition will result in the granting of the motion. Thus, strictly speaking, Garcia did not violate the local rules by failing to file an opposition.

Nevertheless, Garcia's failure to oppose Countrywide's demurrer in state court, coupled with his similar failure to oppose the instant motions to dismiss and to strike, indicate a troubling lack of interest in prosecuting this case. Under Federal Rule of Civil Procedure 41(b), the court may dismiss an action for failure to prosecute. In determining whether a plaintiff's failure to prosecute warrants dismissal of the case, the court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

(5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Generally speaking, however, the district court must first warn the plaintiff that the case is in danger of being dismissed for failure to prosecute and give the plaintiff an opportunity to respond. *See, e.g.*, *Palma v. Dent*, No. C 06-6151 PJH, 2007 WL 2023517 at *3 (N.D. Cal. July 12, 2007). Accordingly, Garcia is hereby ordered to show cause in writing why this case should not be dismissed for failure to prosecute under Rule 41(b). His show cause response should be filed in this Court no later than **June 10, 2010**. Should Countrywide wish to file a response, it should do so no later than **June 24, 2010**. The parties are directed to appear for a show cause hearing on **July 9, 2010, at 1:30 p.m.** in Courtroom 3, 17th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California.

The Case Management Conference scheduled for **May 6, 2010**, is hereby vacated.

IT IS SO ORDERED.

Dated: 04/29/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

3

No. C 10-00148 RS
ORDER

**THIS IS TO CERTIFY THAT NOTICE OF THIS DOCUMENT WAS ELECTRONICALLY PROVIDED TO:**

| | |
|---|---|
| Vanessa Anne Sunshine | vanessa.sunshine@bryancave.com |
| | delaram.seyedan@bryancave.com |
| Christopher Louis Dueringer | cldueringer@bryancave.com |
| | karina.lopez@bryancave.com |

**AND A HARD COPY OF THIS ORDER WAS MAILED TO:**

Bernabe Garcia
1108 Woodminister Drive
San Jose, CA 95121

Dated: 04/29/2010               /s/ Chambers Staff
                                Chambers of Judge Richard Seeborg

4

No. C 10-00148 RS
ORDER