\*E-Filed 07/23/2010\*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

BERNABE GARCIA,

    Plaintiff,

v.

COUNTRYWIDE HOME LOANS, INC., a California Corporation; and DOES 1 through 100, inclusive,

    Defendants.

_____/

No. C 10-00148 RS

**ORDER GRANTING MOTION TO DISMISS**

This case, in which plaintiff Bernabe Garcia is proceeding *pro se*, is before the Court on an Order to Show Cause regarding Dismissal. Defendant Countrywide Home Loans, Inc. ("Countrywide") removed this case from state court, and then filed motions to dismiss and to strike. The hearing on Countrywide's motions was originally scheduled for a date in March 2010, but the date was vacated by the Court after Countrywide failed to include a copy of Garcia's first amended complaint ("FAC") in the record. Countrywide filed a copy of the FAC in the Court's docket on March 18, 2010, and then on April 29, 2010 unilaterally filed a joint case management statement and Rule 26(f) report. Garcia did not oppose Countrywide's substantive motions to dismiss and to strike, nor had Garcia made any effort to prosecute the case when it was in state court prior to removal, declining to oppose Countrywide's demurrer. Accordingly, the Court issued the Order to Show Cause on April 29, 2010, allowing Garcia until June 10, 2010 to show cause in writing why the case should not be dismissed for failure to prosecute. Garcia has not filed a response.

1

Countrywide filed a response on June 24, 2010 requesting dismissal for failure to prosecute. A hearing was held on July 9, 2010, at which only counsel for Countrywide appeared.

Under Federal Rule of Civil Procedure 41(b), the court may dismiss an action for failure to prosecute. In determining whether a plaintiff's failure to prosecute warrants dismissal of the case, the court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

As the Court noted in the April 29 Order to Show Cause, Garcia's failure to oppose Countrywide's demurrer in state court, coupled with his similar failure to oppose the instant motions to dismiss and to strike, indicate a troubling lack of interest in prosecuting this case. This case is now over a year old, and has been pending before this Court for more than six months with no participation by Garcia. The Court has warned plaintiff of the pending dismissal, serving him with a copy of the Order to Show Cause at his last known address. Without any input from Garcia, the Court has no other option than to grant the motion to dismiss without leave to amend. Having granted the motion to dismiss without leave to amend, Countrywide's motion to strike is moot.

IT IS SO ORDERED.

Dated: 07/23/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

**THIS IS TO CERTIFY THAT NOTICE OF THIS DOCUMENT WAS ELECTRONICALLY PROVIDED TO:**

| | |
|---|---|
| Vanessa Anne Sunshine | vanessa.sunshine@bryancave.com |
| | delaram.seyedan@bryancave.com |
| Christopher Louis Dueringer | cldueringer@bryancave.com |
| | karina.lopez@bryancave.com |

**AND A HARD COPY OF THIS ORDER WAS MAILED TO:**

Bernabe Garcia
1108 Woodminister Drive
San Jose, CA 95121

Dated:  07/23/2010                    /s/ Chambers Staff
                                      Chambers of Judge Richard Seeborg